UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CAUSE NO.  4:26-CV-4397

| | |
|---|---|
| DIANE NOWLAIN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOHN D. BARDIN, DECEASED,     PLAINTIFF, <br><br> VS. <br><br> BRUCE FREDERICK, SENIOR WARDEN OF THE MEMORIAL UNIT, INDIVIDUALLY; JERRY SANCHEZ, REGIONAL DIRECTOR, REGION III, INDIVIDUALLY; UNKNOWN CORRECTIONAL OFFICERS JOHN DOES 1–20; UNKNOWN UTMB MEDICAL PERSONNEL JOHN DOES 21–30; UNKNOWN UTMB MENTAL HEALTH PERSONNEL JOHN DOES 31–40; AND OTHER UNKNOWN PERSONS ACTING UNDER COLOR OF STATE LAW,     DEFENDANTS, | § § § § § § § § § § § § § § § § § § § § § § § § § |

**EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE
APPELLANT'S BRIEF**

I.    NATURE OF THE ACTION

39. This action arises from the preventable death of John D. Bardin while confined within the exclusive custody and control of the Texas Department

of Criminal Justice ("TDCJ") at the Memorial Unit in Rosharon, Brazoria County, Texas.

40. On June 4, 2024, Bardin was found unresponsive in his prison cell and later pronounced dead despite emergency efforts undertaken by prison staff and emergency responders.

41. The autopsy determined that Bardin died from acute methamphetamine and synthetic cannabinoid intoxication.

42. At all relevant times, Bardin was housed in a secure correctional institution in which Defendants exercised complete control over inmate movement, inmate property, housing assignments, visitation, mail, searches, security procedures, contraband interdiction, staffing, surveillance, and inmate supervision.

43. Bardin could not lawfully obtain methamphetamine or synthetic cannabinoids within the Memorial Unit absent a failure of institutional security, supervision, contraband interdiction, staff compliance, inmate monitoring, or a combination thereof.

44. Plaintiff seeks damages under 42 U.S.C. §1983 and Texas wrongful-death and survival statutes for Defendants' deliberate indifference to inmate safety and their failure to protect Bardin from a known and substantial risk of serious harm.

## II.    JURISDICTION AND VENUE

1. This Court possesses federal-question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2. Supplemental jurisdiction exists under 28 U.S.C. §1367.

3. Venue is proper in the Southern District of Texas because the events complained of occurred within this District.

## III.   PARTIES

1. Plaintiff Diane Nowlain is the mother of John D. Bardin and the representative of his Estate.

2. Defendant Bruce Frederick was the Senior Warden of the Memorial Unit and was responsible for security operations, inmate protection, implementation of TDCJ policies, supervision of correctional personnel, and contraband interdiction.

3. Defendant Jerry Sanchez was the Regional Director for TDCJ Region III and exercised supervisory authority over the Memorial Unit.

4. Defendants John Does 1–20 were correctional officers acting under color of state law.

5. Defendants John Does 21–30 were UTMB medical personnel responsible for inmate medical care.

6. Defendants John Does 31–40 were UTMB mental-health personnel responsible for inmate mental-health treatment and monitoring.

IV.    FACTUAL ALLEGATIONS

1. The Memorial Unit houses approximately 1,900 inmates and employs hundreds of security personnel.

2. The Memorial Unit is a secure correctional institution under the complete operational control of TDCJ.

3. Bardin had a documented history of mental-health treatment and mood disorder.

4. Bardin had received psychiatric medications and mental-health services during his incarceration.

5. Defendants knew inmates suffering from mental-health disorders are at heightened risk for substance abuse, overdose, victimization, self-harm, and death.

6. Defendants further knew that synthetic cannabinoids, commonly known as K2 or Spice, present a widespread and well-documented danger within correctional facilities throughout Texas.

7. Defendants knew that methamphetamine likewise presents a substantial risk of death and serious bodily injury.

8. Despite this knowledge, Defendants failed to maintain adequate measures to prevent the introduction, circulation, possession, and use of contraband narcotics within the Memorial Unit.

9. Upon information and belief, Defendants knew of prior incidents involving synthetic cannabinoids, methamphetamine, contraband trafficking, overdoses, or other drug-related incidents occurring within the institution.

10. Defendants failed to adequately search inmates, housing areas, staff, visitors, packages, mail, and other sources of contraband.

11. Defendants failed to adequately monitor inmates known to possess mental-health vulnerabilities.

12. Defendants failed to adequately train correctional personnel regarding overdose risks and contraband interdiction.

13. Defendants failed to maintain sufficient security measures to prevent Bardin from obtaining lethal quantities of methamphetamine and synthetic cannabinoids.

14. On June 4, 2024, Bardin was found unresponsive in his cell.

15. CPR was initiated.

16. An AED was deployed.

17. Emergency medical services responded.

18. Bardin was pronounced dead later that day.

19. The exact manner by which Bardin obtained methamphetamine and synthetic cannabinoids remains uniquely within Defendants' knowledge and control.

20. Plaintiff alleges that Bardin's death was foreseeable, preventable, and directly attributable to Defendants' acts and omissions.

COUNT I

42 U.S.C. §1983 FAILURE TO PROTECT

1. Plaintiff incorporates all preceding paragraphs.

2. Defendants had a constitutional duty to provide reasonable protection from known dangers.

3. Defendants knew inmates faced a substantial risk of serious harm from contraband narcotics.

4. Defendants disregarded that risk.

5. Their conduct constituted deliberate indifference in violation of the Eighth Amendment.

6. Such conduct proximately caused Bardin's death.

COUNT II

42 U.S.C. §1983 DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL AND MENTAL-HEALTH NEEDS

1. Plaintiff incorporates all preceding paragraphs.

2. Bardin's mental-health history was known to Defendants.

3. Defendants failed to implement reasonable safeguards and monitoring.

4. Defendants consciously disregarded substantial risks to Bardin's health and safety.

5. Their conduct violated the Eighth and Fourteenth Amendments.

COUNT III

42 U.S.C. §1983 FAILURE TO TRAIN AND SUPERVISE

1. Plaintiff incorporates all preceding paragraphs.

2. Defendants Frederick and Sanchez were responsible for training, supervision, policy implementation, and institutional safety.

3. They failed to train and supervise personnel concerning contraband interdiction, inmate protection, overdose recognition, and emergency response.

4. Such failures were moving forces behind Bardin's death.

COUNT IV

42 U.S.C. §1983 UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

1. Plaintiff incorporates all preceding paragraphs.

2. The circulation of methamphetamine and synthetic cannabinoids within a secure prison constitutes an objectively serious risk to inmate safety.

3. Defendants knowingly permitted conditions that exposed inmates to that risk.

4. Bardin's death resulted from those unconstitutional conditions.

COUNT V

WRONGFUL DEATH

1. Plaintiff incorporates all preceding paragraphs.

2. Defendants' negligent, reckless, and deliberately indifferent conduct caused Bardin's death.

3. Plaintiff and the statutory beneficiaries have suffered mental anguish, loss of companionship, loss of society, pecuniary losses, funeral expenses, and other recoverable damages.

## COUNT VI

## SURVIVAL ACTION

1. Plaintiff incorporates all preceding paragraphs.

2. Prior to death, Bardin experienced conscious pain, suffering, fear, emotional distress, and physical injury.

3. The Estate is entitled to recover all damages recoverable by Bardin had he survived.

## COUNT VII

## PUNITIVE DAMAGES

1. The conduct of the individual Defendants involved conscious indifference to an extreme degree of risk.

2. Plaintiff seeks punitive damages under 42 U.S.C. §1983.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable to a jury.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for:

A. Compensatory damages;
B. Wrongful-death damages;
C. Survival damages;
D. Punitive damages;
E. Attorney's fees pursuant to 42 U.S.C. §1988;
F. Costs of court;

G. Prejudgment and postjudgment interest; and

H. Such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,
/s/ Robert A. McLauchlan
Robert A. McLauchlan State Bar No. 24025526
1508 Bayou Homes Drive
Galveston, TX 77551
Tel. (512) 339-4100
Fax. (512) 857-8957
robert.a.mclauchlan@gmail.com
ATTORNEY FOR PLAINTIFF